UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: July 27, 2020
```

MESSIAH ALI BEY, *Private Attorney General on the behalf of the Moorish Sons and Daughters of Light International Institute, Moorish-American Society at large Conscious and Unconscious in the U.S.A. with full legal capacity, standing, and status,*

                Plaintiff,

-against-

DONALD J. TRUMP, *doing business as the United States*; ESTATE OF ABRAHAM LINCOLN,

                Defendants.

20-CV-5574 (ER)

ORDER OF DISMISSAL

EDGARDO RAMOS, United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fee has been paid, seeking reparations and other relief for Moorish-Americans and other descendants of slaves. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Invoking the Court's federal question and diversity jurisdiction, Plaintiff purports to assert claims under the Thirteenth Amendment to the United States Constitution, the Moroccan Treaty of Peace and Friendship 1787-1836, United Nations declarations governing human rights and the rights of indigenous people, "declarations on the use of scientific and technological progress in the interests of peace and for the benefit of mankind," unspecified "federal statutes," federal criminal statutes, "Title 17 Copyright Law of Great Seal Zodiac Constitution by Charles Mosley Bey," and state tort law. Plaintiff seeks damages and other relief for the history of slavery in the United States beginning in 1619, and the resulting economic disparity that he alleges continues until the present day.

In short summary, Plaintiff asserts claims regarding the "pain and suffering of slaves and living slave derivatives," which "cannot be valued monetarily," but for which he seeks trillions of dollars in damages. Plaintiff seeks to:

> organize a series of meetings with a Congress of Moorish-Americans from our business, legal, and scientific community to negotiate a strategy for the infrastructure following restoration of the rights of Moors from a Historical perspective and establish Officers to ensure smooth transition to Enforce the Treaty of Peace between the UNITED STATES 1787-1836 and the Moors of America and the realization of the 22 States owed.

(ECF 1 ¶ 3b.)

Plaintiff also seeks to "abolish slavery"; "reverse engineer the methods used to deprive Moors of their nationality and birthrights"; "reaffirm the recognition of the Treaty of Peace and Friendship 1787-1836 with the descendants of Moroccans, namely Moorish born in America"; "develop a mutual restitution agreement"; and "correct the 2009 apology for slavery." (*Id.* at 13-16.)

## DISCUSSION

### A.  Presidential Immunity

Plaintiff's claims against President Donald J. Trump and the Estate of President Abraham Lincoln for acts performed in their official capacities as President of the United States must be dismissed. The President of the United States is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States, et al.*, ECF 92-CV-8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993).

Plaintiff's claims against President Trump and the Estate of President Lincoln arise out of acts performed in their official capacities as President of the United States. The Court therefore dismisses Plaintiff's claims as foreclosed by absolute immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### B.  Sovereign Immunity

Any claims Plaintiff purports to assert against the United States must also be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages

3

with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, there is no indication that Plaintiff has exhausted his administrative remedies under the FTCA. Therefore, to the extent that Plaintiff seeks to assert claims against these additional federal Defendants, the Court must dismiss Plaintiff's claims as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2020
         New York, New York

                                              EDGARDO RAMOS
                                    United States District Judge